UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN LYNCH & LILLIAN LYNCH, : | CIVIL ACTION NO.: 3:16-cv-01265 (JAM) |
| Plaintiffs : | |
| v. : | |
| METROPOLITAN PROPERTY AND : CASUALTY INSURANCE COMPANY, : | |
| Defendant. : | OCTOBER 10, 2017 |

## DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDAUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

The defendant, The Metropolitan Group Property and Casualty Company (hereinafter referred to as "Metropolitan"), hereby replies to the plaintiffs' Memorandum of Law in Opposition to the Defendant's Motion for Summary Judgment. Metropolitan is entitled to judgment in its favor on all counts of the plaintiffs' Complaint as there is no issue of material fact which supports the plaintiffs' allegations that the loss is covered under a policy of insurance issued by Metropolitan and that Metropolitan breached the covenants of good faith and fair dealing and had not violated CUTPA/CUIPA.

{00678240;v1}

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

The plaintiffs have taken the position in their Opposition that the alleged loss is covered under various portions of the subject policy of insurance because they are seeking coverage for a chemical reaction. This argument has recently been analyzed and not accepted by this Court on several occasions. England v. Amica Mut. Ins. Co., No. 3:16-CV-1951 (MPS), 2017 WL 3996394, (D. Conn. Sept. 11, 2017); Manseau v. Allstate Ins. Co., No. 3:16-CV-1231 (MPS), 2017 WL 3821791 (D. Conn. Aug. 31, 2017); Valls, v. Allstate Insurance Company, No. 3:16-CV-01310 (VAB), 2017 WL 4286301, (D. Conn. Sept. 27, 2017); Adams v. Allstate Ins. Co., No. 3:16-CV-1360 (JBA), 2017 WL 3763837, (D. Conn. Aug. 29, 2017); Clough v. Allstate Ins. Co., No. 3:17-CV-140 (JBA), 2017 WL 3763841, (D. Conn. Aug. 29, 2017); Miller v. Allstate Ins. Co., No. 3:16-CV-2059 (JBA), 2017 WL 3763425, (D. Conn. Aug. 29, 2017).

**1. A Chemical Reaction is Not a Covered Loss Under the Policy**

The plaintiffs in this matter have argued in their Opposition that there is coverage under the applicable policy of insurance because the "chemical reaction is a 'sudden and accidental' direct physical loss." (See p.6 of plaintiffs' Memorandum) This exact argument was discussed and rejected by the Court in England. Specifically, the Court in England found that "[t]his is not a plausible reading of the Policies, because the terms "direct physical loss" and "loss," as used in the Policies, unambiguously require some change to the detriment of the insured, and a chemical reaction—without any physical manifestations—does not fit that bill." England v. Amica Mut. Ins.

{00678240;v1}                                    2

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

Co., No. 3:16-CV-1951 (MPS), 2017 WL 3996394, (D. Conn. Sept. 11, 2017). The Court went on to state "the 'loss' is the damage or the detrimental change to the insured that is the product of these excluded processes and events. So understood, a 'loss' can be the result of an originating chemical reaction but it cannot be the originating chemical reaction itself absent any physical manifestation." Id.

The plaintiffs have attempted to find coverage for the cracking and deterioration to their basement walls by categorizing the loss as a chemical reaction. The exact same argument was set forth in the cases cited above, the same analysis should apply. The chemical reaction itself cannot be seen as a "loss" and therefore cannot be the basis for coverage under the policy of insurance.

**2. Cracking is Not Covered As an Ensuing Loss**

The plaintiffs have argued that alternatively the cracking which was caused by the chemical reaction is covered under the subject policy. *See Plaintiffs' Opposition at p. 6.* The Court in England did not agree with this argument either. It reasoned that "the only 'direct physical loss' identified in the complaint—that is, the only 'physical, tangible alteration to any property,' *Capstone Bldg. Corp.*, 308 Conn. at 782-83 (internal quotation omitted)—is the cracking and deterioration of the basement walls, and the financial 'loss' therefrom, <u>which is expressly excluded</u> (emphasis added).  Indeed, such a loss is excluded twice—when it 'involv[es] a collapse' and when

{00678240;v1}                                3

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

it does not. ..." England v. Amica Mut. Ins. Co., No. 3:16-CV-1951 (MPS), 2017 WL 3996394, (D. Conn. Sept. 11, 2017).

Furthermore, the Courts have continuously held that the alleged cracking is not sudden and accidental therefore not covered under the policies. Adams v. Allstate Ins. Co., No. 3:16-CV-1360 (JBA), 2017 WL 3763837, at *1 (D. Conn. Aug. 29, 2017); Miller v. Allstate Ins. Co., No. 3:16-CV-2059 (JBA), 2017 WL 3763425, (D. Conn. Aug. 29, 2017) ("Far from alleging the abrupt or quick change in the walls and foundation, the Complaint alleges a progressive deterioration. Without any plausible allegation, and with allegations that explicitly contradict the possibility that the deterioration occurred suddenly, Plaintiff's claim is not plausibly covered by the plain language of the policy."); Valls, v. Allstate Insurance Company, No. 3:16-CV-01310 (VAB), 2017 WL 4286301, (D. Conn. Sept. 27, 2017), ("The Vallses therefore allege a 'progressive deterioration' and '[w]ithout any plausible allegation of suddenness' they fail to plausibly allege coverage unless they can argue another provision applies.")

Again, the exact same argument has been set forth by the plaintiff's in this matter and the same analysis applies. Even if the cause of the cracking is a chemical reaction, the cracking found in the plaintiffs' home is specifically excluded under the policy of insurance. *See Loc.Rul.Stat. ¶9.* Furthermore, any such cracking is a progressive problem, and has been alleged as such. It cannot

{00678240;v1}                                    4

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

plausibility be "sudden and accidental" and therefore no coverage is afforded under the defendant's policy of insurance.

### 3. The Loss Is Not Covered Under the Collapse Provision

Finally the plaintiffs argue that the " 'collapse' aspect of the Plaintiffs' Complaint is an ostentatious manifestation of this chemical reaction" and therefore covered under the policy of insurance. They go on to state that "the degree of this manifestation, whether the reaction is occurring and is not visible, or if the concrete has crumbled resulting in the entire structure imploding, really has nothing to do with the physical loss that is already occurring. The 'collapse' is a further result of the chemical reaction." *See Plaintiff's Opposition at p. 7.*

This argument is not supported by the policy of insurance or the recent cases cited above. As discussed in the Defendant's moving papers, for the collapse provision to apply, there must be "sudden and accidental damage." *See Loc.Rul.Stat. ¶10.cv* The recent decisions from this Court again support the defendant's position that the damage was not sudden and accidental and there is no coverage for this claim.

The Court in <u>Manseau</u> held "that the term 'sudden,' used in the context of the phrase 'sudden and accidental' is unambiguous, and must be accorded a temporal quality. Thus, Plaintiffs must have plausibly alleged that the loss for which they sought coverage occurred abruptly, and not

{00678240;v1}                                    5

merely unexpectedly, for coverage to have applied. Even construing the allegations in the light most favorable to Plaintiffs, Plaintiffs have not alleged that any damage to their home occurred suddenly or otherwise temporally abruptly. Rather, Plaintiffs alleged that a chemical reaction was causing 'concrete deterioration and cracking,' which 'would continue to progressively deteriorate the basement walls, rendering them unstable.' Elsewhere in the complaint, Plaintiffs again characterize the damage as the 'progressive deterioration of the concrete caused by the chemical reaction.' Plaintiffs' allegations that the damage has occurred progressively and continuously are at odds with any claim that the damage occurred abruptly." Manseau v. Allstate Ins. Co., No. 3:16-CV-1231 (MPS), 2017 WL 3821791, at *4 (D. Conn. Aug. 31, 2017).

The Court went on to note that in addition to the analysis above "the cracking Plaintiffs allege to have occurred falls squarely within the Policy language in the definition of 'collapse' excluding coverage for 'settling, cracking, shrinking, bulging or expansion.' As a result, Plaintiffs' claim that the loss alleged is covered as a 'collapse' is implausible." Manseau v. Allstate Ins. Co., No. 3:16-CV-1231 (MPS), 2017 WL 3821791, at *4 (D. Conn. Aug. 31, 2017).

In this matter, the policy requires a "sudden and accidental direct physical loss" and excludes coverage for "settling, cracking, shrinking…" *See Loc.Rul.Stat.* ¶*8-9.* Simply alleging that the loss was a result of a chemical reaction does not change the analysis.

{00678240;v1}

6

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

**4. There Has Been No Breach of Good Faith and Fair Dealing**

The plaintiffs in this matter have also argued that the defendant violated the covenant of good faith and fair dealing by ignoring applicable policy provisions, specifically that Metropolitan has ignored that a chemical reaction is not excluded from coverage. *See Plaintiffs' Opposition at p.10.* As stated above, there is no such coverage for any "chemical reaction" as alleged by the plaintiff. As there is no coverage there can be no basis for bad faith for not covering the claim on that basis. "Connecticut law requires a breach of contract in order to plead bad faith. *See, e.g. Capstone Bldg. Corp. v. American Motorists Insurance Co.*, 308 Conn. 760, 798 (2013)(concluding that "bad faith is not actionable apart from a wrongful denial of a benefit under [an insurance] policy."). Because Plaintiffs have not plead a plausible claim for breach of contract, their claim for breach of the implied covenant of good faith and fair dealing also fails." <u>Valls v. Allstate Insurance Company.</u>, No. 3:16-CV-01310 (VAB), 2017 WL 4286301, at *5 (D. Conn. Sept. 27, 2017).

**5. There Has Been No Violation of CUTPA/CUIPA**

Finally, the plaintiff has argued that there has been a violation of CUPTA/CUIPA, essentially because there have been several other lawsuits filed regarding "crumbling concrete." *See p. 12 of Plaintiffs' Opposition.* The fact that other lawsuits have been filed, without more is not a basis for a CUPTA/CUIPA claim.

{00678240;v1}                                7

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

In addition to the reasons set forth in the defendant's moving papers, there is no violation of CUTPA/CUIPA because Metropolitan has properly interpreted its policy of insurance. Manseau v. Allstate Ins. Co., No. 3:16-CV-1231 (MPS), 2017 WL 3821791, at *6 (D. Conn. Aug. 31, 2017) ("Because I find that Allstate's interpretation of the Policy was correct, Plaintiffs' CUIPA/CUTPA claim necessarily fails.")

As set forth in Metropolitan's Motion for Summary Judgment as well as this Reply, Metropolitan respectfully requests that judgment enter in its favor.

Respectfully submitted by
THE DEFENDANT,
METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY

By: /s/ Allison A. Russo
Allison A. Russo (ct28348)
Susan L. Miller (ct06385)
O'Connell, Attmore & Morris, LLC
280 Trumbull Street, 23rd Floor
Hartford, CT  06103
T:  (860) 548-1300
F:  (860) 548-0023
arusso@oamlaw.com
smiller@oamlaw.com
Its Attorneys

{00678240;v1}                                        8

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 10TH day of October 2017, the foregoing Reply to Plaintiff's Memorandum in Opposition to Motion for Summary Judgment was filed with the Court electronically and served by regular first class mail, postage prepaid, upon counsel listed below. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Allison A. Russo

AAR/sjp

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023